**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

PENNYMAC LOAN SERVICES, LLC,   §
      *Plaintiff,*   §
      §      *Civil Action No.*
     *v.*   §    4:25-CV-00413-CDL
      §
MATTHEW B. PURSCHE, *et al.,*   §
     *Defendants.*   §

## CONSENT ORDER AS TO THE UNITED STATES OF AMERICA

This matter is before the Court upon consent of Plaintiff PennyMac Loan Services, LLC (the "Plaintiff") and Defendant the United States of America (the "USA").

Plaintiff filed this action seeking judicial foreclosure of real property located at the reported mailing address of 7355 McKee Road, Upatoi, Georgia 31829 (the "Subject Property"). Plaintiff's Initial Complaint, filed December 1, 2025 (the "Complaint"). Plaintiff has joined Defendant the USA based on that one certain security deed recorded in the official real property records of Muscogee County, Georgia, on May 13, 2024, at Deed Book 14405, Pages 252-258 (the "Federal Security Deed"). Complaint ¶ 14. The Federal Security Deed is attached to the Complaint as Plaintiff's Exhibit No. 4. The validity, priority, and unpaid balance of the Federal Security Deed as set forth above are uncontested by Plaintiff.

The USA does not oppose the Court entering judgment in favor of Plaintiff and ordering the Subject Property sold at a public sale. Plaintiff and the USA agree that this Consent Order does not affect the USA's ability to pursue collection on the Federal Security Deed as provided by law and said Federal Security Deed shall remain enforceable against any excess funds arising from any foreclosure sale of the Subject Property ordered pursuant to Plaintiff's Complaint. Plaintiff and the United States further agree this Consent Order does not affect the United States' right of redemption, if any, pursuant to 28 U.S.C. § 2410.

THEREFORE, IT IS HEREBY ORDERED that the relief sought by Plaintiff in its Complaint as against the USA is hereby granted to the extent set forth above. Plaintiff shall not receive any award or judgment for attorneys' fees, costs, or other monetary damages against the USA. In addition, no order granting relief to Plaintiff in this action shall be construed as a cancellation of a United States lien interest. Rather, any such orders shall only be construed as an adjudication as to rights to the Property.

IT IS FURTHER ORDERED that Plaintiff shall provide the USA, through counsel for the USA and the Secretary of Veterans Affairs, with notice and copies of all documents in this action, including correspondence and pre- and post-judgment pleadings, whether presented to the judge or to the clerk of the court.

In addition, Plaintiff shall provide to the USA, in the same manner set forth above, notice of any excess proceeds and notice of any agreement between debtor and Plaintiff which delays judgment or judicial sale of the property.

IT IS FURTHER ORDERED that Defendant the USA is hereby relieved from making any further court appearances in the case prior to notice of excess funds arising from any foreclosure sale of the Subject Property.

SO ORDERED and signed this 2nd day of March, 2026.

_S/Clay D. Land
**THE HONORABLE JUDGE CLAY D. LAND**
*United States District Court*

Consented to by:                        Consented to by:

**PADGETT LAW GROUP**              **WILLIAM R. KEYES**
                                        UNITED STATES ATTORNEY

*/s/ Devon Reeves*                      */s/ Barbara G. Parker (with express permission)*
Devon Reeves, GBN 805635                Barbara G. Parker
Thomas Sears, GBN 633810                Assistant United States Attorney
3490 Piedmont Road NE, Suite 1475       Georgia Bar No. 561750
Atlanta, Georgia 30305                  United States Attorney's Office
850-422-2520 Telephone                  P.O. Box 1702
Devon.Reeves@padgettlawgroup.com        Macon, Georgia 31202
Tom.Sears@padgettlawgroup.com           478-621-2733
GAattorney@padgettlawgroup.com          Barbara.Paker@usdoj.gov
*Counsel for the Plaintiff*             *Counsel for the United States of America*